<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>ORLANDO CARDONA-ROSARIO,<br><br>      Defendant. | Crim. No. 04-00595 (GC)<br><br>**<u>MEMORANDUM OPINION</u>** |

**<u>CASTNER, District Judge</u>**

  **THIS MATTER** comes before the Court upon *pro se* Defendant Orlando Cardona-Rosario's Motion for Early Termination of Supervised Release. (ECF No. 140.) The Government opposed the Motion. (ECF No. 144.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Mr. Cardona-Rosario's Motion is **DENIED** without prejudice.

**I.  BACKGROUND**

  On August 10, 2005, a jury found Mr. Cardona-Rosario guilty of conspiracy to distribute 65 kilograms of cocaine in violation of 21 U.S.C. § 846. (ECF No. 99.) Thereafter, the Honorable John C. Lifland, U.S.D.J. (ret.) sentenced Mr. Cardona-Rosario to a term of imprisonment of 324 months, to be followed by five years of supervised release. (*Id.* at 2-3.[1]) In sentencing Mr. Cardona-Rosario, Judge Lifland imposed the standard conditions of supervised release then

---

[1]  Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

promulgated by the Administrative Office of the United States Courts. (*Id.* at 4 (imposing standard conditions of supervised release from AO 245B (Rev. 12/03)).) Among other restrictions, the conditions of Mr. Cardona-Rosario's supervised release prohibit him from committing any further crimes, possessing an illegal controlled substance or firearm, leaving the judicial district without permission and associating with persons engaged in criminal activity. (*Id.*) Mr. Cardona-Rosario must also inform his probation officer of any changes in employment, report certain interactions with law enforcement, answer the officer's questions truthfully and allow home or other visits by the officer. (*Id.*)

On November 4, 2015, the Honorable Anne E. Thompson, U.S.D.J. (ret.) reduced Mr. Cardona-Rosario's sentence to 262 months' imprisonment pursuant to a change in the applicable sentencing guideline range that was made retroactive by the United States Sentencing Commission. (ECF No. 135.) But the requirement for Mr. Cardona-Rosario to serve five years of supervised release following his carceral sentence remained. (*Id.*) Mr. Cardona-Rosario was released from prison on March 22, 2022, (ECF No. 137), and the instant Motion followed more than two years later, (ECF No. 140).[2]

## II.  LEGAL STANDARD

Courts enjoy broad discretion in deciding whether to grant early termination of supervised release. *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). Under 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and [in] the interest of justice." In determining whether the defendant's conduct and the interest of justice warrant the relief sought, courts must consider the following sentencing factors:

---

[2]  This matter was reassigned to the Undersigned on March 1, 2023. (ECF No. 136.)

> (1) the nature and circumstances of the offense and the defendant's history and characteristics;
>
> (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentence and sentencing range established for the defendant's crimes;
>
> (4) pertinent policy statements issued by the United States Sentencing Commission;
>
> (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (6) the need to provide restitution to any victims of the offense.

*Melvin*, 978 F.2d at 52 (citing 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7)).

District courts need not "make specific findings of fact with respect to each of the factors," nor must they find that extraordinary or changed circumstances exist to grant a defendant's request for early termination of supervised release. *Id.* at 52-53. However, early termination of supervised release will generally "be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it" because § 3553(a) requires that sentences be "sufficient, but not greater than necessary when first pronounced." *Id.* at 53 (internal citations and quotation marks omitted); *see also United States v. Szymanski*, Cr. No. 12-247, 2020 WL 6515958, at *2 (W.D. Pa. Nov. 5, 2020) ("The court explained in *Melvin* that, although not required, some changed circumstances will generally be important to warrant early termination of supervised release[.]").

## III.   DISCUSSION

Mr. Cardona-Rosario argues that his supervised release should be terminated early because of his conduct while on supervised release. Specifically, Mr. Cardona-Rosario submits that he: (1) has an "excellent record" from his 19 months spent in a compassionate release program; (2) "has

3

maintained satisfactory conduct and has complied with all the requirements" imposed by his probation officer and he has been placed under low-risk supervision; and (3) has maintained employment. (ECF No. 140 at 4.) The Government agrees that Mr. Cardona-Rosario has complied with the requirements of his supervised release, but it nevertheless contends that Mr. Cardona-Rosario has not met his burden to show early termination is justified. (ECF No. 144 at 2.) In particular, the Government submits that Mr. Cardona-Rosario does not articulate "any inability to work, travel, be with family, or participate in any other activities" due to his supervised release. (*Id.*) The Government further contends that "successful reentry into society while on supervised release is one of the goals of federal supervision, and ceasing supervision simply because Cardona-Rosario has, to date, adjusted well to supervision would not, and should not, in and of itself justify early termination of supervised release." (*Id.* at 5.)

The Court has considered the § 3553(a) factors and finds that early termination of supervised release is neither warranted nor in the interest of justice. Mr. Cardona-Rosario's compliance with the conditions of his release is commendable; however, compliance with the conditions of his supervision is precisely what is expected of him. Courts have routinely found that compliance with the terms of supervised release is not enough to succeed on a motion for early termination of supervised release. *See United States v. Desu*, Cr. No. 18-613, 2024 WL 3878748, at *3 (D.N.J. Aug. 20, 2024) ("[C]ompliance with the terms of supervised release is what is expected of probationers, and without more, cannot justify early termination." (citing *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003))); *United States v. Amato*, Cr. No. 18-561, 2024 WL 3850384, at *3 (D.N.J. Aug. 16, 2024) (same); *United States v. Rosendary*, Cr. No. 22-00742, 2024 WL 619574, at *3 (D.N.J. Feb. 14, 2024) ("[The defendant's] compliance with the terms of supervision is expected and not enough to justify early termination."); *United States v. Jaime*, Cr.

No. 05-34, 2013 WL 4434909, at *1 (W.D. Pa. Aug. 16, 2013) ("[I]t is axiomatic that 'full compliance with all of the conditions of supervised release does not warrant early termination.'") (citation omitted). As a result, the Court finds that Mr. Cardona-Rosario's laudable compliance with the terms of his supervised release is not a basis to grant early termination.

Further, Mr. Cardona-Rosario does not advance any other justification upon which early termination could be warranted. *See United States v. Elston*, Cr. No. 09-00091, 2023 WL 6447257, at *2 (E.D. Pa. Oct. 3, 2023) (denying motion for early termination of supervised release, reasoning that the defendant had not alleged "that his continued supervision [was] in any way impeding his ability to obtain employment, travel, or live his life.") There is no indication that the conditions of Mr. Cardona-Rosario's supervised release are preventing him from earning a living, as Mr. Cardona-Rosario argues in his Motion that he has been continuously employed. (ECF No. 140 at 4.) And there is no suggestion that Mr. Cardona-Rosario is unable to travel or be with his family, as this Court recently granted Mr. Cardona-Rosario's request to travel to Mexico from April 28, 2025, to May 3, 2025, to attend a business retreat with his wife. (ECF No. 145.) The Court also allowed Mr. Cardona-Rosario to travel to Mexico from April 27, 2023, to April 30, 2023. (ECF No. 137.)

Accordingly, in light of the Court's consideration of the § 3553(a) factors and lack of any "new or unforeseen circumstances" justifying early termination of supervised release, the Court declines to exercise its discretion to terminate Mr. Cardona-Rosario's supervised release. *See Melvin*, 978 F.3d at 53. At bottom, the Court is satisfied that Mr. Cardona-Rosario's sentence is "sufficient but not greater than necessary to achieve the sentencing goals outlined in § 3553(a)." *United States v. Ferriero*, Cr. No. 13-0592, 2020 WL 6701469, at *3 (D.N.J. Nov. 13, 2020).

## IV.  CONCLUSION

For the foregoing reasons, and other good cause shown, Mr. Cardona-Rosario's Motion for Early Termination of Supervised Release (ECF No. 140) is **DENIED** without prejudice. An appropriate Order follows.

Dated: June 9, 2025

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

6